UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO GUZMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. CV 09-4064 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). Plaintiff claims that the ALJ did not consider his inability to speak English in determining that he could perform his past work as generally performed in the national economy. For the reasons stated below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

On August 30, 2004, Plaintiff applied for SSI, claiming that he was unable to work because of depression, arthritis in his hands,

knees, and back, degenerative joint disease of the knees, and alcohol addiction. (Administrative Record ("AR") 17-20.) Plaintiff also applied for Disability Insurance benefits, but withdrew this application at the administrative hearing. (AR 323.) The Agency denied the applications initially and on reconsideration. (AR 8-10, 14.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 94, 33.) On October 10, 2007, Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter. (AR 323-325.) Plaintiff testified that he was born in El Salvador and attended school there through the eighth grade. (AR 326.) He reported that he speaks, reads, and writes "a little" English. (AR 324.)

On November 30, 2007, the ALJ issued a decision denying his application for SSI, finding that Plaintiff could perform his past jobs as they are generally performed in the economy. (AR 17-24.) Plaintiff appealed to the Appeals Council, which denied his request for review. (AR 8.) He then filed the instant action.

### III. Discussion

Plaintiff contends that the ALJ erred in concluding that he could perform his past work as a machine packer and agricultural packager as those jobs are performed in the general economy, because he cannot meet the language requirement for these jobs, as set forth in the Dictionary of Occupational Titles ("DOT"). (Joint Stip. at 5-6.) Defendant is unable to point to anywhere in the ALJ's decision in which he addressed the language requirement, but argues that it can be inferred from the ALJ's ultimate conclusion that Plaintiff can work that he must have considered the requirement and found that Plaintiff

meets it.  (Joint Stip. at 12-13.)  For the following reasons, Defendant's argument is rejected.

In order to be able to perform the jobs of packer and packager as they are generally performed in the economy, Plaintiff must be able to read, write, and speak a limited amount of English, i.e., be able to: 1) read 2,500 two- or three-syllable words, 2) write simple sentences containing subject, verb, and object, 3) write series of numbers, names, and addresses, and 4) speak simple sentences, using normal word order and present and past tense.  DOT Nos. 920.687-134 and 920.685-078.  There is a question as to whether Plaintiff, who was born and raised in El Salvador, has sufficient command of the English language to meet this requirement.  As such, the ALJ was required to address the language requirement, make a factual finding as to whether Plaintiff could meet it, and set forth the basis for his finding in his decision.  *See Pinto v. Massanari*, 249 F.3d 840, 846-48 (9th Cir. 2001).  The ALJ's failure to do so mandates remand.

The Agency argues that the Court should simply infer that the ALJ must have performed this analysis.  This argument is categorically rejected.  In ruling on an application for benefits, the Agency is required to tell a claimant why it is ruling against him so that he knows and can decide if an appeal is warranted.  Then, if the claimant does appeal, the district court can review the reasons set forth by the Agency in denying the application and determine whether the decision is supported by the law and the facts.  The Court is not at liberty to merely assume that an ALJ performed a critical analysis in a case and affirm his or her decision on that basis.  The Court can only affirm an ALJ's finding when he or she clearly sets forth the factual basis for it and those facts can be found in the record.

This is particularly true in the context of this case, where the only indication the ALJ gave regarding his view of Plaintiff's ability to speak, read, and write English was when he posed the sole hypothetical question to the vocational expert, asking him to assume that Plaintiff could not read, write, or speak English. (AR 338.) Had the ALJ believed that Plaintiff was proficient in English, there would have been no reason to pose the hypothetical in this manner.

The Agency argues that the error was harmless because, in response to the ALJ's question, which assumed that Plaintiff was not proficient in English, the vocational expert determined that Plaintiff could still perform his past jobs as they are generally performed in the economy. (AR 338.) The Court declines to follow this reasoning, too, because the vocational expert's opinion deviated from the DOT and the vocational expert erred when he testified that it did not. (AR 338.) As such, the vocational expert's testimony is entitled to no weight. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (remanding to Agency where there is an apparent conflict between vocational expert's testimony and DOT); and *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

The Agency also argues that there is no point in remanding this case because, on remand, the ALJ will likely just conclude that Plaintiff is not disabled under the Grids. (Joint Stip. at 15-16.) The Court is not so sure. Even if it were, it would still remand the case to allow the ALJ to set forth the basis for his ruling so that Plaintiff will know why, as will the Court if an appeal follows.

IV. CONCLUSION

For the foregoing reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: May 10, 2010.

```
                                    /s/ Patrick J. Walsh
                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE
```

S:\PJW\Cases-Soc Sec\GUZMAN\memorandum and opinion2.wpd